MARY LITTLE, Executrix of JAMES LITTLE *vs.* GREEN HAGER and wife and others.

A testator, dying in 1862, bequeathed a pecuniary legacy to M L., his Executrix, and added a residuary clause, as follows: "I will and bequeath to E. L., to pay all my just debts, and to have all the balance of my estate and papers of every kind, after paying my just debts;" the Executrix received assets more than sufficient to pay her legacy, but not sufficient to pay the debts of the estate, excepting what was *bona fide* received in Confederate currency, or lost without any fault on her part; *Held*, 1, that her legacy was not *ipso facto* paid.

2. That her said legacy was a charge on the real estate of the testator, devised in the residuary clause.

[*Robinson* v. *McIver*, 63 N. C. 645, and *Johnson* v. *Forrell*, 65 N. C. 267, cited and approved.]

Special proceeding in IREDELL Superior Court, for the sale of real estate to pay debts of a testator and a pecuniary legacy, brought before *Mitchell, J.*, at Chambers, by apppeal, in January 1872.

The petition was filed in September, 1871, by Mary Little, as Executrix of James Little, who died in 1862, against the heirs and devisees of said testator, and the heirs of a deceased infant

child of Elizabeth Little, his residuary legatee, the said Eliza-
beth and her child having successively died shortly after the
death of said testator.

The material portions of the testator's will are in these.
words ;

1. I will and bequeath unto my mother, Mary Little, one
negro boy, by name James, one by the name of Perry, also
*four hundred dollars.*

2. I will and bequeath to my sister, Elizabeth Little, to pay
all my just debts, and to have all the balance of my estate and
papers of every kind, after paying my just debts.

The petition stated that the personal property had been ex-
hausted in the payment of debts, and that it was necessary to
sell part of a tract of land belonging to the testator's estate,
and embraced in the devise to Elizabeth Little, to pay the un-
paid debts, charges of administration, and the pecuniary legacy
of $400 to the Executrix.

The answer of some of the defendants made a question as
to the administration of the assets by the Executrix, and the
amount of debts due, and denied that the said legacy of $400
was a charge upon the real estate. It was referred to the
Clerk to state an account of the administration, and he reported
a balance of $298.38 as due from the estate on account of debts
and charges of administration. He charged the plaintiff with
a large amount of Confederate money, received mostly in 1863,
and credited her with disbursements, and $400 funded in her
name in 1864.

The defendants contended, that upon the facts stated in the
report, the legacy of $400 was, *in law,* satisfied, and was, in no
event, a charge on the land.

The Clerk adjudged otherwise, and ordered the sale of the
land to pay the said balance due as debts and charges, and the
legacy of $400. Upon appeal to the Judge from this decision
he overruled so much of the judgment of the Clerk as ad-

judged the legacy of $400 to be a charge on the land, and the plaintiff appealed to this Court.

*Blackmer· & McCorkle*, for the plaintiff.

*W. P. Caldwell* and *Bailey*, for the defendants.

The residuary devise of real estate is not liable to pay the pecuniary legacy to the plaintiff.

I. Not on the principle of abatement. (1.) Because a residuary clause, embracing both real and personal estate, *quoad* the real estate is specific; a residuary devise of realty is *always* specific. Roper on Legacies, vol. 1, p. 453.

Nor is this principle affected by Rev. Code, chap. 119, sec. 6, which is a copy of the English statute known as the *Wills act*, as expressed by the Lord Chancellor in *Hensman* v. *Fryer* (Law Reports) 3 Ch. Appeals, 420.

A specific legacy in general does not abate in favor of a general legacy. Roper, vol. 1, 253–284, and a specific devise is never required to abate in favor of a general legacy, unless the whole estate is given away. *Ibid.* vol. 1, p. 254. Though if the real estate be charged with payment of debts, the specific devisee of it will be required to contribute (in a deficiency of personal assets) with the specific legatee of a chattel. S. P. Even as betwen general legacies, in a deficiency, they must abate proportionably *inter se. Ib.* 284. *Graham* v. *Graham*, Busb. Eq. 291.

(2.) Even if the legacy to plaintiff was specific, as a horse, it would abate on a deficiency to pay debts, and must be applied to pay debts before the realty. *Knight* v. *Knight*, 6 Jon. Eq. 134. Especially since Rev. Code, chap. 46, sec. 44.

II. Nor can plaintiff recover on the principle of ascertaining the amount of the residue, as in *Robinson* v. *McIver*, 63 N. C. 645; for she alleges that there was personalty sufficient to pay her legacy, which has been lost by matter *ex post facto*, and, in that regard, is on "all fours" with *Johnson* v. *Ferrell*, 64 N. C. 266.

III. For the same reason, she cannot recover on the doctrine of marshalling, as the single fund was not exhausted to pay debts, *i. e.* there was $400 *sub.*

IV. Nor on the ground of a charge. 1 Roper, 446 *et seq.*, 454 *et seq.* Roper collates the cases, and furnishes a rule at p. 454. In no case have legacies been construed a charge where there is only an express charge for *debts*. *Expressio unius exclusio alterius.*

A direction to pay "all my just debts," &c., was held, by high authority as not sufficient to constitute *a charge* to pay debts, *Keeling* v. *Brown*, 5 Ves. 359, and by no construction can be extended to legacies.

V. It is to be observed, that the plaintiff, as Executrix, realized in money $400, the exact amount of her legacy, and while she funded it as Executrix, the fair inference is because the money was about to be scaled 33⅓ per cent. At any rate, the question of her assent to her own legacy, if deemed material, should be set down for trial.

RODMAN, J. Two questions are presented in this case:

1. Was the legacy of $400 to Mary Little paid? She was an Executrix and received assets to an amount greater than her legacy, but as it finally turned out, not sufficient to pay the debts and legacy. Much of the money received was Confederate, and she invested $400 of this in Confederate bonds, which we.e made payable to her as Executrix.

We think neither of these circumstances amount to a payment. She had no right to apply any of the assets to her legacy until all the debts were paid. She was not obliged to take payment in Confederate money. And there is no proof that she elected to do so. The investment in Confederate bonds may have been because the creditors would not receive Confederate money. The mere identity of the amount invested with that of her legacy is of no importance, since the

bonds were expressly taken in her representative character and on account of the estate.

2. Is the legacy a charge on the lands devised? or, to speak more accurately, does it go to diminish the lands devised? The will gives to Mary Little $400, and proceeds: "Secondly, I will and bequeath to my sister Elizabeth Little to pay all my just debts, and to have all the balance of my estate and property of every kind, after paying my just debts."

We think the question must be answered in the affirmative, on the authority of *Robinson* v. *McIver*, 63 N. C. 645, approved in *Johnson* v. *Farrell*, 65 N. C. 267. It is in conformity with the English cases cited in 2 *Jarman on Wills*, 532, especially *Hassell* v. *Hassell*, 2 Dich. 526, *Bench* v. *Biles*, 4 Mad. 187, and *Cole* v. *Turner*, 4 Russ. 376.

It can make no difference, that the personalty was originally sufficient to satisfy both debts and legacies, if it was afterwards lost without fault of the legatee. The doctrine must be applied to the property as it turned out to be. The other cases cited for defendant, we think, do not apply.

The judgment below is reversed, and the case is remanded to be proceeded in according to law.

PER CURIAM.                    Judgment reversed.