ERASTUS R. MOWRY *et al.*, Appellants, *vs.* THOMAS ROBINSON, Administrator.

The purchaser of realty from the heir of a decedent may appeal from the decree of a Probate Court authorizing the sale of such realty to pay the debts of the decedent's estate.

A petition to a Probate Court praying that the realty of a decedent may be sold to pay his debts need be neither sworn to nor accompanied by a schedule of debts, if the court is otherwise satisfied as to the facts involved.

Courts of probate may authorize the sale of a decedent's realty for his debts at any time while such realty remains in the hands of his heirs.

Pending a petition to the Court of Probate for the sale of a decedent's realty to pay his debts, his heirs aliened the realty:

*Held*, that the purchaser took the realty subject to any decree the Probate Court might make.

APPEAL from the Probate Court of Pawtucket.

Spencer B. Mowry, Senior, died September, 1866, testate. His will made no provision for his posthumous son, Spencer B. Mowry, Junior, but gave a legacy to Abby P., a sister of the testator, and the rest of his estate to his wife Belinda, who afterwards married James O. Draper. Under Gen. Stat. R. I. cap. 171, § 12, the will was therefore inoperative, there being no personalty. Spencer B. Mowry, Junior, died February 12, 1872.

Thomas Robinson was appointed administrator of the estate of Spencer B. Mowry, Senior, October 2, 1872. He represented the estate insolvent, and commissioners were appointed December 18, 1872. They allowed the widow's claim of $1,351.85, and reported April 23, 1873. Their report was received by the Probate Court May 21, 1873. Appeals were taken, which were considered by this court, 11 R. I. 420–424. Robinson, as administrator, February 8, 1877, presented his petition for leave to sell the realty of the estate of Spencer B. Mowry, Senior. The Probate Court granted the petition, and this appeal was taken. Spencer B. Mowry, Senior, left two brothers, Erastus R. Mowry and Albert C. Mowry, and two sisters, Abby P. Mowry and Harriet E., wife of George H. Barnes. These brothers and sisters being the next of kin of Spencer B. Mowry, Junior, of the blood of Spencer B. Mowry, Senior, were the heirs at law of Spencer B. Mowry, Junior. Gen. Stat. R. I. cap. 176, § 6. This appeal was taken by Erastus R. Mowry, Albert C. Mowry, and George H. Barnes and his wife.

*July* 13, 1878. POTTER, J. Spencer B. Mowry, Senior, died in September, 1866, leaving a widow Belinda, since intermarried with James O. Draper, and only one son and heir, Spencer B. Mowry, Junior, who died February 12, 1872. The real estate of this son, subject to dower and debts, descended to the two brothers and sisters of his father, Spencer B. Mowry, Senior. One sister married Barnes, one of the appellants, who, in February and March, 1872, after the death of Spencer B. Mowry, Junior, bought out the three other heirs, and in September, 1877, had the share of his wife also conveyed to him.

After the death of Spencer B. Mowry, Junior, Robinson was appointed administrator on the estate of Spencer B. Mowry, Senior, in October, 1872, and the commissioners' report received

by the Court of Probate, April, 1873, allowed the claim of the widow, the only claim presented, of $1,351.85. The administrator, in November, 1877, made a return stating that there was no personal property to be inventoried.

James O. Draper was appointed administrator on the estate of the son, Spencer B. Mowry, Junior, in May, 1873, and in November, 1873, commissioners on his estate allowed his mother's claim, the only claim presented, of $2,467.29.

The petition for sale was filed February 8, 1877, and granted September 14, 1877.

Barnes, as a purchaser from the heirs, has an interest in the estate, which gives him the right to appeal from a decree for a sale of it. This is admitted; the objections made by the appellant are:

1. That the petition for sale is not sworn to, and is not accompanied by a schedule of debts. It is not necessary that the petition should be sworn to if the Court of Probate is otherwise satisfied of the facts. Nor is a schedule of debts necessary in the petition; but the Court of Probate should be satisfied as to the amount necessary to be raised, and if it is not necessary to sell the whole estate, the decree ought to specify how much the petitioner is authorized to raise by sale. In the present case it is agreed that if there is to be any sale for debts it is for the advantage of the estate that the whole be sold.

The petition does state the amount of the debts, but asks to have the whole estate sold.

2. That the widow's claim is illegal. It is sufficient for the decision of the present case that the report of the commissioners was received by the Court of Probate, and has not been legally appealed from or reversed.[1]

3. That the administrator filed no inventory, and there is no evidence that there is not sufficient personal property to pay the debts.

If there was no property to be inventoried, an inventory was unnecessary. It may be the wisest and safest course to take a formal inventory, but it does not protect the administrator if it can be proved that there was other personal estate, which did, or might have by proper exertions, come into his hands.

---

[1] See *Barnes* v. *Mowry*, 11 R. I. 420.

The administrator testifies there was no personal property, and the appellant did not offer any sufficient evidence to prove the contrary. If there is any, there is a remedy on the bonds.

4. That more than three years and six months elapsed after the appointment of the administrator before the petition for sale was filed.

The statute has fixed no special limitation to the power of the Court of Probate to grant such a petition. Nor is it reasonable to suppose any could be intended while the real estate remained in the hands of the heirs. An administrator may be sued until three years after his appointment,[1] and such suits may remain in court for a long time. It would be unreasonable to hold that such suitors on establishing their claims could have no remedy against the real estate, unless the plain letter of the law required us to hold so, which it does not.

The deeds of three of the four shares to Barnes were made in 1872, before administration was granted ; of course there can be no claim that these shares are free from liability for debts.

The other fourth part belonged to Mrs. Barnes. She conveyed this to her husband through Mr. Payne, September 13, 1877 ; the deeds were acknowledged September 14, 1877.

The petition for sale was presented February 8, 1877, and granted September 14, 1877. Whether the deeds were executed before or after granting the petition is not in our view material. It is enough that they were executed after the filing of the petition asking for a sale of the property by special description, and after the legal notices had been given, the wife of Mr. Barnes being among the heirs. We think the doctrine of *lis pendens* applies, and the purchaser takes subject to whatever decree might be made on the petition.

The decree of the Probate Court must therefore be affirmed.

*Decree appealed from affirmed.*

*A. & A. D. Payne* and *John F. Tobey,* for appellants.
*James Tillinghast,* for appellees.

---

[1] Gen. Stat. R. I. cap. 178, § 8.