ALFRED F. BUXTON, Appellant, *vs.* ELIZABETH E. BARRETT, Administratrix.

Under Pub. Stat. R. I. cap. 189, § 1, providing that "the estate of every deceased person shall be chargeable with . . . the funeral charges of the deceased," the necessary funeral expenses of a woman, who at the time of her death was a married woman, are properly chargeable to her estate.

A creditor of an intestate decedent gave to the administratrix a receipted bill for his debt, saying that he by so doing intended to present the amount of the receipt to the administratrix personally, not to discharge the estate. *Held*, that the administratrix could charge the estate with the amount of the receipt.

An administrator may charge in his account against the estate the amount of a debt due to him from his intestate, *provided* such charge does not exceed the personalty of the estate. Jurisdiction to settle an account of personal assets does not extend to the allowance of charges beyond the amount of such assets.

APPELLANT'S petition for a new trial.

*December* 9, 1882. CARPENTER, J. This is a probate appeal from the decree allowing the account of the respondent as administratrix on the estate of Naomi Durfee, deceased. The appeal was tried with a jury, and a verdict specially found for the several items of charges and credits, and for a balance due the respondent of $635.59. The appellant now moves for a new trial on account of alleged misdirection of the jury in three particulars.

*First*, as to the necessary funeral expenses of the intestate, it was proved that at the time of her death she was a married woman, and the appellant thereupon contended that such expenses were properly chargeable to the husband only and not to the estate; but the presiding justice ruled that they were properly chargeable to the estate. We think the ruling was right. The language of the statute that "the estate of every deceased person shall be chargeable with . . . the funeral charges of the deceased," seems to us to be broad enough to include married women. Pub. Stat. R. I. cap. 189, § 1. Whether the husband would also be liable we do not consider material to this question.

*Second*, it appeared that the intestate in her lifetime was indebted to John T. Fisk, Jr., in the sum of sixty three dollars; that the respondent, after her appointment, went to him for the purpose of paying the debt; that Fisk receipted the bill for the debt and delivered it to the respondent, saying and intending that

he, by that act, made to the respondent personally a present of the sum of money represented by the receipt, and not intending to remit the debt due from the estate. On this state of facts the appellant claimed that the amount of the bill was not chargeable in the account, but the presiding justice ruled that it was so chargeable. We see no error in this ruling. It would have been no doubt possible for Fisk, having received payment and receipted his bill, effectually to make to the respondent a present of the identical money received, by delivery into her hand. We see no reason to hold that, in order to make such a gift effectual, he must go through the ceremony of actually handling the money.

*Third,* the respondent claimed to have a debt due to herself personally from the estate, and charged the same in her account to an amount exceeding the balance remaining in her hands after payment of other lawful charges against the estate. The appellant objects that this sum should not have been allowed by the jury because not actually paid out of her hands by the respondent, but the court ruled that the charge might be allowed. We see no force in the argument of the appellant so far as it relates to the balance remaining in the hands of the respondent. Undoubtedly the administratrix could not be permitted to charge debts due from the estate to other persons, and not yet paid by her; but a debt due to herself out of the personal assets might properly be charged and allowed.[1] But so far as the charge exceeds the amount of the personalty, we think it was not properly included in the account found by the verdict. We think that the jurisdiction to settle an account of personal assets does not extend to the allowance of charges beyond the amount of such assets. This error, however, will be corrected in the decree settling the account.

The petition will therefore be denied and dismissed.

*Petition dismissed.*

*Simon S. Lapham,* for appellant.
*Wood & Prendergast,* for appellee.

---

[1] See *Perkins* v. *Se Ipsam,* 11 R. I. 270, 271.