HORACE B. KNOWLES, Surviving Partner, *vs.* JOSIAH A. WHALEY, Administrator.

The statute of limitations limiting actions in *assumpsit* to six years, Pub. Stat. R. I. cap. 205, § 3, begins to run in favor of executors and administrators as soon as they are qualified. Executors and administrators may reduce this time to three years, Pub. Stat. R. I. cap. 189, § 8 ; cap. 205, § 9, by giving the notices provided in the last named section. These notices are, however, not a condition precedent to the qualification of the executor or administrator.

EXCEPTIONS to the Court of Common Pleas.

*July* 9, 1885.    MATTESON, J.    This is an action of *assumpsit*

for moneys alleged to be due to the late firm of Knowles & Boyce, of which the plaintiff is surviving partner, for the funeral and burial expenses of the defendant's testator. The items in the account, filed with the declaration, bear date respectively Feb. 13 and May 2, 1872. The writ is dated July 7, 1884. The defendant pleads, *first*, the general issue ; and *second*, the statute of limitations, namely : that said supposed causes of action did not, nor did any of them, accrue within six years next before the commencement of the suit. The plaintiff joined issue upon the first plea and replied to the second, that he ought not to be barred from maintaining his action, because the causes of action in his declaration set forth are for the recovery of the funeral expenses of the defendant's testator, and accrued to the said firm since the death of the testator, and the defendant first gave notice of his appointment as administrator within less than three years before the bringing of the suit, to wit, etc. To this replication the defendant rejoined that the plaintiff ought not, by reason of anything therein contained, to have or maintain his action against him, because more than six years prior to the bringing of the suit, to wit, on the 23d of April, 1872, Mary Tanner was appointed by the Probate Court of North Providence administratrix, with the will annexed, on the estate of the testator, and qualified herself and acted as such administratrix to the time of her death, to wit, in January, 1882. To this rejoinder the plaintiff demurred.

The cause was heard in the Court of Common Pleas, at the December Term, 1884, and the demurrer sustained. Thereupon judgment was rendered for the plaintiff. To the ruling sustaining the demurrer the defendant excepted.

Pub. Stat. R. I. cap. 205, § 3, provide that an action of *assumpsit* " shall be commenced and sued within six years next after the cause of such action shall accrue and not after." Pub. Stat. R. I. cap. 189, § 8, and cap. 205, § 9, limit the period within which actions may be brought against executors or administrators to three years next after the will shall be proved or administration granted, *provided* the executor or administrator shall give notice of his appointment, by publishing the same in some public newspaper in this State nearest the place in which the deceased person last dwelt, or in such manner as the court of probate shall

direct.  Pub. Stat. R. I. cap. 184, § 37, directs executors and administrators, as soon as may be after their appointment, to give notice thereof in the manner prescribed in the above recited provision.

It is conceded that the plaintiff's claim is barred by the general statute of limitations, Pub. Stat. R. I. cap. 205, § 3, if that statute is applicable to this case.  The plaintiff, however, contends that it is not so applicable, but that the case is governed by the special statutes, relating to executors and administrators, mentioned above.  He insists that inasmuch as Pub. Stat. R. I. cap. 184, § 37, requires executors and administrators to give notice of their appointment as set forth therein, and in the proviso above quoted, the three years limited, in which actions may be brought, do not begin to run till such notice has been given; hence the defendant's rejoinder, as it does not aver that the original administratrix, Mary Tanner, gave notice of her appointment as required by the statute, is insufficient.

We do not think these views correct.  The general statute of limitations in its terms applies to all actions, and therefore to actions against executors and administrators as well as others. The notice prescribed by Pub. Stat. cap. 184, § 37, is nowhere made a condition precedent to the qualification of an executor or administrator.  On the contrary, Pub. Stat. cap. 184, § 1, provides for the issuing of letters testamentary to the executor on the probate of the will, and § 12 provides that every executor or administrator, who has given bond as such, shall be qualified as executor or administrator according to his appointment.  The general statute, therefore, begins to run as soon as the executor or administrator is qualified.

The special statutes of limitations in favor of executors and administrators were intended to promote the speedy settlement of estates.  To obtain the benefit of them, the executor or administrator must first bring himself within their provisions by giving the prescribed notice.  *Bosworth* v. *Smith*, 9 R. I. 67.  They do not exclude the operation of the general statute except in cases in which the prescribed notice has been given.

It follows that the general statute of limitations began to run against the claim of the plaintiff as soon as the original adminis-

tratrix was qualified as such by the filing of her bond, and that at the expiration of six years the claim became barred. The rejoinder was therefore sufficient, and the demurrer thereto should have been overruled. The exceptions are sustained and the case is remitted to the Court of Common Pleas for trial.

*Exceptions sustained.*

*W. W. & S. T. Douglas,* for plaintiff.
*Charles Bradley & Walter F. Angell,* for defendant.