PETITION OF NOADIAH P. JOHNSON *et al.* for an Opinion of the Court.

B., a married woman, died in January, 1879, owning realty but no personalty, and by her will, proved in March, 1879, left her whole estate to her husband, whom she appointed executor. He never qualified as executor, but in June, 1879, mortgaged the realty to D., who, under the powers in the mortgage, conveyed it to E. in 1884.
Q., in 1880, sued the husband for the funeral expenses of B., and recovered judgment, which was not paid.

M., in 1886, was appointed administrator with the will annexed of B.

*Held*, that the realty was still liable for the funeral expenses of B.

*Held*, further, that M., under license from the Probate Court, could sell the realty to pay these funeral expenses.

The statute of limitations does not begin to run in favor of executors till their appointment and qualification.

Nor, if it applies to actions against heirs and devisees under Pub. Stat. R. I. cap. 189, can it begin to run in favor of a devisee till after three years from the proof of the will.

Courts of Probate may authorize the sale of a decedent's realty to pay his debts while such realty is held by his heirs or devisees.

CASE STATED for an opinion of the Court under Pub. Stat. R. I. cap. 192, § 23.

*January* 29, 1887.   PER CURIAM. It appears by the statement of facts that Bridget Moran, wife of Michael Moran, died January 21, 1879, leaving a will, admitted to probate by the Municipal Court of the city of Providence, March 4, 1879, by which she devised all her real and personal estate to said Michael, and nominated him as her sole executor ; that at the time of her death she was seized in fee of a lot of land in Providence, but had no personal estate, and that her husband never qualified as executor. It also appeared that the expenses of her funeral, due to Patrick Quinn, have never been paid, and that at the December Term, 1880, of the Court of Common Pleas in Providence County, Quinn sued Michael Moran for said expenses, and recovered judgment against him for $178.19 and costs, which judgment has never been satisfied, Moran being insolvent. On June 17, 1879, Moran mortgaged the estate to secure a note for $207.40, and afterwards, to wit, August 4, 1881, the estate was conveyed under a power in the mortgage to Albert Briggs, for whom the petitioner, Noadiah P. Johnson, was appointed receiver June 9, 1885. On January 5, 1886, Bernard McGuinness, one of the petitioners, was appointed administrator with the will annexed of the estate of said Bridget, duly qualified as such, has represented the estate insolvent, and petitioned for leave to sell the interest of the said Bridget in the real estate aforesaid for the purpose of paying her funeral charges and the expenses of administration.

The question is, whether the estate is liable for said charges and expenses, or whether Johnson, as receiver, has power to sell the same, free of any lien thereon, for said charges and expenses.

In *Buxton* v. *Barrett*, 14 R. I. 40, this court decided that the

estate of a married woman is liable for her funeral charges and expenses, notwithstanding she leaves a husband. The estate here is, therefore, liable, unless it has been exonerated by the suit and recovery of judgment against the husband, or by lapse of time, or by alienation. We do not see how it has been exonerated by the recovery of judgment against the husband, inasmuch as the judgment has not been paid and the expenses still remain unsatisfied. Neither do we see how it has been exonerated by lapse of time, inasmuch as the statute of limitations could not begin to run in favor of the administrator until his appointment and qualification, *Knowles* v. *Whaley, ante,* p. 97, and could not begin to run in favor of the devisee, as such, until the expiration of three years after the probate of the will, and nine years have not elapsed since the probate of the will, conceding that the statute of limitations applies to an action against heirs and devisees under Pub. Stat. R. I. cap. 189. In *Mowry* v. *Robinson,* 12 R. I. 152, this court decided that courts of probate have power to authorize the sale of a decedent's real estate for the payment of his debts at any time while it remains in the hands of his heirs and devisees. It follows that the estate is liable to sale by the administrator under license of the Probate Court, unless the court has ceased to have the power to license the sale by reason of alienation. But the statute, Pub. Stat. R. I. cap. 189, § 13, provides that no heir or devisee shall have power, within three years and six months after the probate of the will, to incumber or aliene the real estate so as to affect the sale thereof by the executor or administrator, if necessary. In this case the incumbering and the sale both occurred within three years and six months from the probate, and therefore, under the provision we have cited, the alienee stands simply in the place of the devisee, and the estate is as much liable to sale in his hands, or in the hands of his receiver, as if it had remained unaliened.

*Adoniram J. Cushing & Edwin D. McGuinness,* for petitioners.