JOSEPH C. REYNOLDS, Exr., *vs.* GARDINER B. REYNOLDS *et al.*

APRIL 11, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)　*Legacies. Charges on Real Estate.*

Where there is a bequest of legacies followed in the will by a gift of the residue of the testator's property, real and personal, the legacies are charged on the realty thereby devised.

(2)　*Executors and Administrators. Power of Sale. Charges on Real Estate.*

An executor has no power of sale by virtue of his capacity as executor, nor is such a power to be implied from a charge which is itself implied, but the matter of sale of real estate by an executor for the satisfaction of legacies expressly or impliedly charged upon real estate is regulated by the court and practice act, chapter 37.

(3)　*Legacies in Payment of Claims. Abatement of Legacies.*

Where a legacy is bequeathed in payment of a claim which the legatee has

against the testator, and is accepted as such, the legatee stands in a position analogous to a purchaser for value, and is entitled to a preference over legatees receiving only a bounty without prior pecuniary consideration; and in case of a deficiency such a legatee is entitled to be paid in full as against ordinary general legatees, whose legacies shall abate if necessary.

BILL IN EQUITY brought to obtain the opinion and instruction of the court.

PARKHURST, J.  This bill of complaint is brought for the purpose of obtaining the opinion and instructions of the court in relation to the provisions of the will of Horatio N. Reynolds, late of North Kingstown, in said county, deceased.  After certain specific bequests and devises, the testator bequeathed in general legacies the sum of thirty-three thousand three hundred dollars ($33,300).  The personal estate left by the testator, after payment of debts (exclusive of any claim of Abby F. Reynolds, hereinafter more particularly mentioned) and the payment of the specific legacies, amounts approximately to the sum of nineteen thousand dollars ($19,000), being insufficient to pay the general legacies in full.  The testator at the time of his death and at the time of making the will was seized of certain estate not specifically devised, but which would pass to the residuary legatees named in the will but for the deficiency of the personal estate to pay the legacies.  A niece by marriage, of the testator, Abby F. Reynolds, for several years kept his house and cared for him in his last illness.  This niece has several specific bequests and a specific devise of certain real estate, which will more fully appear in the testator's will, and also in the codicil a general bequest of the sum of five thousand dollars ($5,000), which is declared in said codicil to be in full payment and discharge of claims of every kind which she may have against his estate.

The case comes to this court under the provisions of section 338 of the court and practice act.

The questions propounded by the bill are as follows:

"1.  Whether or not said real estate above described which would pass under the residuary devise in said will, were there sufficient personal estate to pay all the legacies in full, can be

sold and the proceeds thereof applied to make up the deficiency of the personal estate for the payment of said general legacies.

"2.   If the court finds that the real estate should be sold for the payment of said general legacies, he desires to be instructed as to the manner of the sale thereof.

"3.   Whether said second clause of said codicil, giving the sum of $5,000 to Abby F. Reynolds in full settlement of all her claims against said estate, should be treated as a general legacy which will abate with the other general legacies for want of sufficient estate to pay the same in full, or should be regarded as a direction to pay a debt owed by the said testator to the said Abby F. Reynolds and be paid in full in preference to the other general legacies."

The provisions of the will and codicil involved in the determinations sought in this case are as follows:

"Second.   I give and bequeath to Abby F. Reynolds, widow of my late nephew Francis E. Reynolds, all of my household furniture, including  beds, bedding, carpets, pictures, glass, crockery, silver ware and stores, and my pew in the Wickford Baptist Meeting House, and two thousand ($2,000) dollars in cash to her, her heirs, and assigns forever."

*     *     *     *     *     *     *     *     *     *

"Fifteenth.   I give, devise, and bequeath to my said nephews Gardiner B. Reynolds and  George Reynolds all the rest and residue and remainder of my estate and estates, both real and  personal and mixed, to be divided equally between them, to them, their heirs, and assigns forever.

"Sixteenth.   It is my will and desire that the two thousand ($2,000) dollars bequeathed to Abbie F. Reynolds in item second  be paid to  her as soon after my decease as possible, which said sum of two thousand ($2,000) dollars is given her in lieu of any bill or charge that she may bring against my estate for services rendered for housekeeper or otherwise."

### CODICIL.

"Second.   Whereas in my said will I have in the second paragraph thereof given to Abbie F. Reynolds, widow of my late nephew Francis E. Reynolds, the sum of  two thousand

dollars, I now give and bequeath unto said Abbie F. Reynolds the sum of five thousand dollars in lieu of said sum of two thousand dollars and said bequest to be in full payment and discharge of claims of every kind she may have against my estate."

(1)    In answer to the first question, we are of the opinion that the real estate which passed under the residuary clause of the will (fifteenth) is subject to the payment of the pecuniary legacies in case the personal estate is not sufficient. The rule has been long established, by the course of decision, in this State, that "when there is a bequest of legacies followed by a gift of the residue of the testator's property, real and personal, the legacies are charged on the realty thereby devised." *Phillips* v. *Clark*, 18 R. I. 627 (630); *Gould* v. *Winthrop*, 5 R. I. 319; *Lapham* v. *Clapp*, 10 R. I. 543; *Mathewson and Arnold, Pet'rs.*, 12 R. I. 145; *Nickerson* v. *Bragg*, 21 R. I. 296; *Martin, Petitioner*, 25 R. I. 1, 18. And this is the general rule, with few exceptions, in other jurisdictions. *Wilcox* v. *Wilcox*, 13 Allen (Mass.), 252; *Thomas* v. *Rector*, 23 W. Va. 26; *Corwine* v. *Corwine's Ex'r.*, 23 N. J. Eq. 368; affirmed in *Corwine* v. *Corwine*, 24 N. J. Eq. 579; *Stevens* v. *Flower*, 46 N. J. Eq. 340; *Turner* v. *Gibb*, 48 N. J. Eq. 526; *First Baptist Church* v. *Syms*, 51 N. J. Eq. 363; *Carter* v. *Gray*, 58 N. J. Eq. 411; *Little* v. *Hager*, 67 N. C. 135; *Lewis* v. *Darling*, 16 How. (U. S.) 10; *Wallace* v. *Wallace*, 23 N. H. 149; *Downman* v. *Rust*, 6 Rand. (Va.) 587; *Gallagher's Appeal*, 48 Pa. St. 121; *Bennett's Est.*, 148 Pa. St. 139; *Markley's Est., Ibid*, 538; *The American Cannel Coal Co.* v. *Clemens*, 132 Ind. 163. We have, therefore, no doubt that the real estate in question is subject to a lien for the purpose of making up any deficiency of the personal estate for the payment of the pecuniary legacies, and that the same should be sold for that purpose.

(2)    In answer to the second question, relating to the manner of sale, we do not find in the will any powers of sale given to the executor, or to any other person; nor do we find in the bill of complaint any prayer for a sale to be authorized for the purpose of satisfying the lien. The bill is only for an opinion and for instructions.

The executor has no power of sale, by virtue of his capacity as executor (*Lapham* v. *Clapp*, 10 R. I. 543, 544); nor is such a power to be implied, from a charge, which is itself implied (*Mathewson and Arnold, Petitioners*, 12 R. I. 145, 147).

The whole matter of sale of real estate by an executor, for the satisfaction of legacies expressly or impliedly charged upon real estate, is regulated by court and practice act, chapter 37, and the executor is advised to apply to the Probate Court in accordance therewith.

(3)      In answer to the third question, we are of the opinion that the $5,000 legacy given to Abby F. Reynolds under the second clause of the codicil should be paid in full in preference to the other general legacies.

It is in testimony that the legatee, for many years prior to the death of the testator, had rendered many services as housekeeper and nurse to the testator, for which she had received no fixed compensation and for which the testator agreed to provide by his will, and that this legacy was accordingly made by him "to be in full payment and discharge of claims of every kind she may have against my estate." It also appears that she had never presented any claim against the estate, but had elected to accept this provision in lieu thereof.

It is the settled rule of law that in such cases the legatee stands in a position analogous to a purchaser of value, and is entitled to a preference over volunteers, or legatees receiving only a bounty without prior pecuniary consideration; and in case of deficiency such a legatee is entitled to be paid in full as against ordinary general legatees, whose legacies shall abate if necessary. *Appeal of University of Pennsylvania*, 97 Pa. St. 187–200; *Wood* v. *Vandenburgh*, 6 Paige, 277–286; *Duncan* v. *Franklin Township*, 43 N. J. Eq. 143, 145; *Tevis' Ex'rs.* v. *McCreary.* 3 Metc. (60 Ky.) 151; *Buchanan* v. *Pue*, 6 Gill, 112; *Gassman's Est.* 14 Phila. 308; 2 Woerner, Admx., 985, sec. 452; 2 Red. Wills, 452; *Towle* v. *Swasey*, 106 Mass. 105; *Clayton* v. *Akin*, 38 Ga. 320; *Security Co.* v. *Bryant*, 52 Conn. 311; *Farnum* v. *Bascom*, 122 Mass. 288; *McLean* v. *Robertson*, 126 Mass. 538.

The case will be remanded to the Superior Court for the

county of Washington, with instructions to enter its decree in accordance herewith.

*Nathan B. Lewis*, for complainant.

*Gorman, Egan, and Gorman*, for respondent Abby F. Reynolds.

*William P. Sheffield, Jr., Max Levy, and William R. Harvey*, for respondent Emily H. Rogers.