## MAX SUGARMAN *vs.* MARY COHEN.

### APRIL 24, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Murdock, J. This is an action in assumpsit to recover $385 due as alleged from the defendant for funeral expenses incurred in behalf of defendant's husband, Harry H. Cohen, deceased. The case was tried in the Superior Court before a jury and a verdict for the full amount claimed was rendered. The case is here on defendant's exceptions.

The plaintiff is a licensed funeral director. On Saturday, November 1, 1930, he received a call from the Homeopathic Hospital where defendant's husband died. As Saturday is the Jewish Sabbath, the body could not, in accordance with the orthodox Jewish faith, be removed on that day. Plaintiff accordingly went to the hospital and there embalmed and prepared the body for burial.

Plaintiff testified that after sunset he called on the defendant at her home and that defendant said she wanted her husband to have a "nice funeral"; that he told her what was needed and later took the body to her home; that he sent the defendant a bill but never heard from her with respect thereto. Defendant denied that she saw the plaintiff at her home or that she ever gave him any directions about the funeral.

As the jury found in favor of the plaintiff, his version of the transaction must be taken as true. The question then arises as to whether by his own testimony he has made out a case against the defendant. The plaintiff, so far as appears, has made no attempt to collect the amount of his bill from the estate of Harry H. Cohen.

The presumption of law is that funeral expenses are a charge against the estate of the deceased. Some one from the necessities of the case must engage a funeral director and this is usually some member of the family or a relative of the deceased since an administrator cannot be appointed in time to act in this behalf. *O'Reilly* v. *Kelly*, 22 R. I. 151;

*Tucker* v. *Whaley*, 11 R. I. 543; *Rice* v. *N. Y. Central & H. R. R.*, 195 Mass. 507. The presumption is, even in the case of the widow of the deceased, that she, in engaging a funeral director, is doing so in behalf of the estate. *Waterman & Sons* v. *Hook*, 246 Mass. 522.

In *Hayden* v. *Maher*, 67 Mo. App. 434, the court said: "Primarily the estate of the decedent and not the widow is responsible for his funeral expenses. The mere fact that the widow requests the burial cannot change the rule . . . If the undertaker desires to hold the widow liable, he must protect himself by her valid promise to pay. No promise to pay can be implied upon her part from a bare request."

The plaintiff does not rely on an express promise on the part of the defendant and he has not testified to any facts or circumstances from which a promise could be implied other than the request by defendant that he conduct the funeral. This is not sufficient to overcome the presumption that the services were rendered on the credit of the deceased's estate.

The defendant's exception to the denial of her motion for a directed verdict is sustained.

The plaintiff may appear before this court on May 3, 1933, and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Robinson & Robinson, Charles M. Robinson, Edmund Wexler*, for plaintiff.

*Voigt, Wright & Monroe, Ernst T. Voigt, Leo M. Goldberg*, for defendant.