250 A.2d 369.

MARY A. ALLSWORTH, *Adm'x.* vs. ROSE SCULLY, *Adm'x.*

FEBRUARY 20, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action to recover expenses for the funeral and burial of the defendant's intestate through the enforcement of an alleged lien on real estate of said intestate. It was tried to a superior court justice on an agreed statement of facts. The case is before us on the plaintiff's appeal from the entry of judgment for all defendants.

The undisputed facts establish that Mary W. Allsworth, wife of William H. Allsworth, died on January 2, 1960; and on January 18, 1960, the surviving spouse paid the funeral bill and burial expenses amounting to $1,115, which charges were reasonable.

They further establish that said Mary W. Allsworth died intestate, leaving no personal estate but seised and possessed of a lot of land with a single family dwelling located thereon in the city of Pawtucket. No administration was taken out on her estate for more than six years. Thereafter, on March 7, 1966, some six years and two months after the death of his wife Mary, William H. Allsworth died, also intestate. Subsequently, on June 15, 1966, plaintiff

was appointed administratrix of William's estate and duly qualified.

Later, on July 27, 1966, defendant Rose Scully was appointed administratrix of the estate of William's spouse, Mary W. Allsworth, and was duly qualified on August 10, 1966. On September 8, 1966, administratrix Scully filed a petition in the Pawtucket probate court to sell the real estate of her decedent, which petition was granted the following September 28, but the power was never exercised.

Meanwhile, specifically, August 18, 1966, counsel for plaintiff wrote to counsel for defendant, giving notice that William's estate expected to be reimbursed for the $1,115 paid by William for the funeral of his wife. By letter dated August 22, 1966, defendant's counsel acknowledged receipt of the August 18, letter, adding that there would be no problem about paying the bill, but there being no personal estate, payment would have to await sale of the real estate in question.

Thereafter, October 11, 1966, plaintiff administratrix filed a claim for the $1,115 in the Pawtucket probate court. However, the agreed statement also establishes that in May and June of 1967, defendant Rose Scully, as an heir of her intestate decedent, obtained quit-claim deeds to the property from the remaining heirs, all residents of Scotland. These conveyances ran to Rose Scully individually as grantee; and, as the owner of record, she conveyed the subject property to George H. Locklin et ux. on October 2, 1967.

Having thus conveyed the real estate in question defendant Scully, in her capacity as administratrix, petitioned the Pawtucket probate court on November 1, 1967, for leave to disallow plaintiff's claim out of time as authorized by G. L. 1956, §33-11-15. Acting pursuant to the cited statute, said probate court granted the petition for late disallowance on November 13, 1967. Thereupon, plaintiff

commenced the instant action on November 29, 1967, as authorized by §33-11-48.

Subsequent thereto, namely January 26, 1968, the Locklins conveyed the property in question to James J. McConnon, et ux., who in turn executed a mortgage deed to the Pawtucket Institution for Savings on February 2, 1968.

The original complaint named Rose Scully, administratrix of the estate of Mary W. Allsworth as the sole defendant. However, the complaint was later amended to add said Rose Scully individually as well as the McConnons and Pawtucket Institution for Savings as defendants.

The plaintiff administratrix based her right to recover the funeral and burial expenses of Mary W. Allsworth paid by plaintiff's intestate on the pyramiding of several propositions. They are: that the payment of funeral expenses is a charge against the estate of the deceased, citing numerous cases;[1] that the real as well as the personal estate of every deceased person is subject to such charge, citing §33-12-1;[2] that the payment of such charges does not make one a creditor of the deceased, citing *Cox* v. *Amend*, 97 R. I. 382, 198 A.2d 48[3] and; that William H. Allsworth, not

---

[1] *Tucker* v. *Whaley*, 11 R. I. 543; *Buxton* v. *Barrett*, 14 R. I. 40; *Knowles* v. *Whaley*, 15 R. I. 97, 23 A. 144; *Johnson, Petitioner*, 15 R. I. 438, 8 A. 248; *Moulton* v. *Smith*, 16 R. I. 126, 12 A. 891; *O'Reilly* v. *Kelly*, 22 R. I. 151, 46 A. 681; *Sugarman* v. *Cohen*, 53 R. I. 242, 165 A. 899; *Cox* v. *Amend*, 97 R. I. 382, 198 A.2d 48.

[2] The estate, real and personal, of every deceased person shall be chargeable with the expenses of administration, including allowances to widow and family, the funeral charges of the deceased, including the cost of a place of burial, if necessary, and the payment of his debts; and the same shall be paid by the executor or administrator out of the estate, so far as the same shall be sufficient therefor.

[3] In *Cox*, we were faced with a question of whether funeral expenses incurred by the administratrix of an estate were debts of a decedent, notice of which must be filed in the probate court within six (6) months of first publication of the qualification of an executor or administrator. General Laws 1956, §§33-11-4 and 33-11-5. We held that since the purpose of the statutorily required notice was to apprise the executor or adminis-

having been compensated by the estate of Mary W. Allsworth for the payment of her funeral services, the real estate of said Mary W. Allsworth remains subject to the payment of such expenses, no statute of limitations being applicable.

Consequently, plaintiff argued to the trial justice as she did before us, that reimbursement of the funeral expenses together with interest thereon are collectible against defendant Scully, individually or in her capacity as administratrix, out of the proceeds received by her for the sale of the property, or collectible from defendants McConnon and the Pawtucket Institution for Savings by virtue of a perfected lien on the real estate now purportedly held by them.

The trial justice rejected plaintiff's position. In rendering decision for all defendants he relied on the provisions of G. L. 1956, §33-13-4. It provides:

> "Any creditor or creditors of any deceased person who shall have died intestate being seised at the time of his or her death of real estate within the state of Rhode Island, and upon whose estate no letters of administration shall have been taken, shall be forever barred from collecting their claim or claims against the estate of such deceased person, unless they shall, within the period of six (6) years of the death of such person, petition the probate court having jurisdiction thereof for letters of administration upon such estate; and the heirs of such deceased person may alien or incumber said real estate freed from the claim of all creditors after said period of six (6) years shall have elapsed without such a· petition having been filed as aforesaid; provided, that nothing in this sec-

---

trator of the extent and nature of outstanding claims against the estate, where the funeral arrangements were made by the estate, such notice would be superfluous. To that extent funeral expenses were not to be considered as debts of the decedent. We added, however, that where the funeral expenses were incurred by someone other than the executor or administrator, such expenses might well be a claim against the estate of a deceased person within the statutory notice requirement.

tion shall be construed to affect the right of any such creditor to satisfy his said claim from any security held by him."

The view taken by the trial justice of the last quoted section rests on his conclusion that, by its enactment, the general assembly intended to require one who claims against the estate of an intestate to assert such claim through recourse to the probate court within six years of the death of such intestate or thereafter be barred from recovering out of the intestate's real property. We think this conclusion to be sound.

While it is true, as plaintiff emphatically points out, that §33-13-4 specifically refers to creditors of a deceased person and that one paying the funeral bills cannot strictly be considered as a creditor of the deceased who did not contract such debt, we think that the legislative intendment is to be gathered from a reading of all pertinent provisions in the probate code.

Thus, although §33-12-1 makes the real estate subject to the payment of funeral and burial expenses, real property does not become available for the payment thereof except on application to the probate court by the fiduciary appointed by said court to administer the estate. Sections 33-12-4 and 33-12-5; see also *Reynolds* v. *Reynolds,* 27 R. I. 520, 63 A. 804.

Further, §33-8-8 authorizes the probate court to appoint any suitable person administrator of the estate of an intestate and to do so on the petition of some party in interest, should the surviving spouse or next of kin neglect to apply within thirty days of the intestate's death.

We think it clear therefore, that the instant plaintiff's intestate, William H. Allsworth, or if for any reason he were incompetent, someone on his behalf, had six years from January 2, 1960, within which to have an administrator appointed for the estate of Mary W. Allsworth. Had an administrator been thus appointed, such fiduciary could

have petitioned the probate court for the sale of the real estate pursuant to the provisions of sections 4 and 5 of chap. 12 of art. 33. No administrator having been appointed within the six years provided for in §33-13-4, the provision on which the trial justice relied, an administrator appointed subsequent thereto, as is the case here, was precluded from seeking to charge the real property with payment of funeral expenses.

Contrariwise, plaintiff argues that since there is no limitation as to the time within which letters of administration may be applied for, and further, that once an administrator has been appointed, regardless of when that may be, the real estate of the intestate is subject to the two and a half year lien imposed by §33-13-3. In support thereof she cites several cases, stressing *Johnson, Petitioner,* 15 R. I. 438, 8 A. 248. These cases, including *Johnson* are unavailing. They were decided prior to the adoption of §33-13-4 which was first enacted as P. L. 1914, chap. 1099, sec. 1. The effect of its adoption was to make the two years and six months period of grace from the time an administrator was qualified, applicable only in a case where an administrator had been appointed within six years of the death of his intestate. No administrator being appointed within six years of such death, §33-13-3 is without application.

In the case at bar, for example, William H. Allsworth survived his wife by six years and two months, but following plaintiff's reasoning, this was a mere happenstance. It is conceivable that a man might survive his spouse by a half century. If he paid for her funeral bills, she dying intestate, and no administration of her estate was sought until after the death of her husband, real estate of which she died seised and possessed would still be chargeable for the funeral expenses incurred fifty years earlier, according to plaintiff. We are clearly of the opinion that it was to

avoid so untenable a situation that the legislature adopted §33-13-4.

The plaintiff's appeal is denied and dismissed and the judgment appealed from affirmed.

Motion for reargument denied.

*Corcoran, Foley, Flynn & Treanor, Francis R. Foley,* for plaintiff-appellant.

*Woolley, Blais & Quinn, James M. Shannahan, Henry J. Blais III,* for defendants-appellees, James J. McConnon, Sandra McConnon and Pawtucket Institute for Savings.