Guido M. D'AREZZO

v.

ESTATE of Catherine CHRISTY et al.

No. 84–158–Appeal.

Supreme Court of Rhode Island.

Oct. 9, 1985.

Betty O. Muka, Ithaca, N.Y., John P. Garan, Luc R. LaBrosse, Inc., Providence, for plaintiff.

John J. Bevilacqua, C.R. Bengtson, Carroll Kelly & Murphy, Providence, for defendants.

## OPINION

PER CURIAM.

This appeal involves two consolidated cases that were dismissed by a justice of the Superior Court for lack of prosecution pursuant to powers conferred upon that court by Rule 41(b)(1) and (2) of the Superior Court Rules of Civil Procedure. Since these cases have unique procedural aspects and involve the participation of a number of attorneys, a history of the litigation is necessary to an understanding of the ruling of the trial justice and the questions presented to this court on appeal.

On September 17, 1975, Guido D'Arezzo filed an action in the Superior Court in which he alleged that defendant Gerald Christy wrongfully, intentionally, and unlawfully assaulted plaintiff by firing a loaded revolver at him (C.A. 75–3108). This complaint was filed by Raymond J. Surdut, Esquire, on behalf of Mr. D'Arezzo. Gerald Christy filed an answer denying the allegations of the complaint and later in answers to interrogatories set forth under

oath that plaintiff had himself fired the pistol that caused the injury.

On February 27, 1976, apparently without the knowledge of Attorney Surdut, another complaint arising out of the same incident was filed in the Superior Court by John R. Cosentino, Esquire, on behalf of Mr. D'Arezzo purportedly against the estate of Catherine Christy[1] (C.A. 76–904). No significant action took place in either of these cases, save propounding interrogatories and the filing of pleadings, until it came to the attention of Attorney Surdut, who was assisted in his representation of plaintiff by Attorney Kenneth J. Macksoud, that Catherine Christy was insured by Fireman's Fund Insurance Companies (Fireman's Fund). At or about March 12, 1980, by stipulation, Attorney Cosentino withdrew his appearance in C.A. No. 76–904 and Attorneys Surdut and Macksoud entered an appearance in his place.

At approximately the same time, plaintiff's attorneys moved to add Fireman's Fund as a party defendant in C.A. 76–904. Counsel for Mr. D'Arezzo conceded in this motion that they had sought to serve process on the estate of Catherine Christy by causing a summons to be served on Gerald Christy, an heir of the estate of Catherine Christy. They further conceded that although Catherine Christy died October 30, 1975, a resident of the city of Cranston, no letters of administration had been sought or filed in the Probate Court of said city. As a consequence, Gerald Christy was served only as an individual and not as a representative of Catherine Christy's estate. Indeed, it appears that there has never been an entity that could properly be described as the estate of Catherine Christy.

Pursuant to the motion to add Fireman's Fund as a party defendant, a justice of the Superior Court not only authorized the amendment of the complaint and the adding of Fireman's Fund but also required that Fireman's Fund be served with process "in the manner provided by law for serving insurance companies authorized to do business in Rhode Island by serving the same upon the Insurance Commissioner of the State of Rhode Island." This order was entered March 12, 1980.

An examination of the file in both cases fails to disclose that service of process ever took place upon Fireman's Fund prior to the dismissal of these cases on January 3, 1984.

The cases came on for trial on a number of occasions, and each time a continuance was requested by counsel for plaintiff for a variety of reasons.

On September 3, 1983, Attorney Surdut moved to withdraw as counsel for plaintiff because of an alleged conflict of interest. Thereafter, on September 6, 1983, a justice of the Superior Court advised Mr. D'Arezzo by letter of the motion to withdraw and also that the court would consider dismissing both cases under Super.R.Civ.P. 41(b)(1) because of lack of prosecution for a period in excess of five years. The plaintiff was advised to appear on September 27, 1983, to respond to the motion to withdraw and to show cause why the cases should not be dismissed for failure of prosecution.

On September 27, 1983, plaintiff and his counsel appeared. Mr. D'Arezzo acknowledged receipt of the trial justice's letter. After considerable colloquy between the trial justice and Attorney Surdut, an attorney, Thomas R. DeSimone, Esquire, representing defendant Gerald Christy, said he had no objection to the withdrawal of Attorney Surdut. However, Mr. DeSimone complained that he had appeared in court on four specific dates without being able to go to trial and suggested that the court dismiss the actions because of failure of plaintiff to prosecute his complaints.

1. Catherine Christy was the mother of Gerald Christy. The alleged shooting took place in her home.

At this juncture, another attorney, Mrs. Betty O. Muka, spoke to the trial justice in open court and stated that she had an interest in the case. The trial justice questioned plaintiff concerning whether he wished Attorney Muka to represent him. He answered "No, not at this time, no." Nevertheless, Mrs. Muka persisted, insisting that Mr. D'Arezzo should allow her to represent him. Mr. D'Arezzo again stated that he did not wish her to represent him "at this time." He objected to Attorney Surdut's withdrawal because he had represented plaintiff for 8½ years.

Thereupon, the trial justice sought to question Attorney Surdut further concerning his conflict of interest. Attorney Surdut requested permission to file an affidavit setting forth the conflict of interest. The trial justice granted permission and continued the matter to October 4, 1983, in order to consider the contents of the affidavit.

On October 4, 1983, Mr. D'Arezzo, Attorney Surdut, and Attorney DeSimone again appeared before the trial justice. Mr. D'Arezzo reaffirmed his desire that Attorney Surdut should continue to represent him in the matter. Attorney DeSimone again suggested that the court should dismiss the matter for lack of prosecution although he also stated that he had no objection to Attorney Surdut's withdrawal. The trial justice then stated that he had reviewed the affidavit but found nothing therein that would in any way impede counsels' ability to represent the interests of Mr. D'Arezzo. He then stated that the case would be continued to October 11, 1983, and that there should be no further delay in proceeding to trial.

For reasons not fully disclosed on the record, the trial did not take place on October 11. The parties appeared before the court on October 7, 1983, and again on November 10, 1983. Trial did not commence on either of those occasions, but the case did come before the trial justice again on January 3, 1984.

On that date Attorney Surdut informed the trial justice that he was not ready to proceed to trial because the neurosurgeon upon whom he had relied to serve as an expert witness had declined to testify concerning a prognosis. He then suggested that he had been unsuccessful in obtaining another expert witness but that Mr. D'Arezzo had an appointment on January 10, 1984, to see a physician who might ultimately testify as an expert. Attorney Surdut stated that he was unable to go forward without an expert witness because "[w]ithout a doctor, our case collapses in the middle." He further stated that plaintiff was not present to proceed to trial.

Attorney DeSimone stated that his client was present and had flown in from Florida to be in court for the commencement of the trial. Again, Attorney DeSimone suggested that the court should dismiss the cases for failure to prosecute for a period of more than five years. After hearing Attorney Surdut on this oral motion, the court granted defendant Christy's motion to dismiss both cases. It should be noted that on January 3, 1984, Fireman's Fund had not been served with process in accordance with the order of March 12, 1980, the estate of Catherine Christy was non-existent, and the only party who had been served with process in both cases was Gerald F. Christy in his personal capacity.

Later, on the morning of January 3, 1984, Attorney Betty O. Muka entered an appearance on behalf of Mr. D'Arezzo. This appearance was entered subsequent to the granting of the motion to dismiss. At the time of the granting of the motion to dismiss, the only attorneys representing Mr. D'Arezzo as of record were Raymond Surdut and Kenneth Macksoud. Although Attorney C. Russell Bengtson was physically present on behalf of Fireman's Fund, he had never entered a written appearance in the case, doubtless by reason of the fact that his client had never been served with process and thus had not been subjected to the jurisdiction of the court.

Thereafter, Mrs. Muka made various efforts to cause the trial justice to vacate his decision. He declined to do so. On January 9, 1984, the law firm of Rosenstein, Surdut & Macksoud withdrew its appearance at the request of and by consent of Mr. D'Arezzo. The file was delivered to Mrs. Muka on January 10, 1984.

Thereafter, on January 25, 1984, Mrs. Muka filed an appeal to this court.[2] After filing of the prebriefing statements, an order was issued to show cause why the appeal should not be summarily dismissed, and a hearing was scheduled before this court on November 8, 1984. In her prebriefing statement filed pursuant to Rule 16(h) of the Rules of Appellate Procedure, Mrs. Muka stated without equivocation that both the estate of Catherine Christy and Fireman's Fund were in default on January 3, 1984. This statement constituted a misrepresentation of fact and law since (1) the estate of Catherine Christy did not exist and (2) Fireman's Fund had never been served with process. At the hearing Mrs. Muka was questioned concerning her statements in this regard, but she denied knowledge of whether there was an entity known as the estate of Catherine Christy and further denied knowledge of whether Fireman's Fund had been served with process.

Mrs. Muka responded in general that these two questions were irrelevant and that she wished to concentrate upon the alleged "fraudulent conduct" of the trial justice in holding a hearing on January 3, 1984, without Mrs. Muka's presence and in a courtroom in which she did not expect the hearing to take place. Mrs. Muka entirely overlooked the fact that she was not counsel of record at the time of that hearing and therefore was not entitled to be given notice of the hearing. She further overlooked the fact that Mr. D'Arezzo was represented by his counsel of record at the hearing of January 3, 1984, and that Attorney Surdut apparently had no difficulty locating the courtroom in which the hearing took place.

After hearing on November 8, 1984, Mrs. Muka requested permission to file a supplemental brief and also requested that an attorney who appeared on behalf of Gerald Christy should be punished for contempt for alleged misstatements of fact. Although Mrs. Muka had already filed a compendious instrument of several hundred pages, including exhibits, in support of her position, this court delayed deciding the matter in order to allow Mrs. Muka an opportunity to explain her statement concerning the default status of the estate of Catherine Christy and Fireman's Fund. This she has not done.

She did, however, attempt to serve process upon Fireman's Fund on November 9, 1984, the day after the hearing in this court. We have been made aware of this attempt by virtue of the fact that Fireman's Fund moved in the Superior Court to quash the purported service of process that took place many months after the date of dismissal of the action and more than four years subsequent to the granting of the motion to add Fireman's Fund as a defendant.

 A recitation of the travel of these cases is sufficient to establish that Mrs. Muka's extravagant accusations against the trial justice are entirely without foundation.[3] His dismissal of the cases against Gerald Christy was more than justified in the exercise of his discretion in the light of his repeated warnings to counsel for plaintiff that the action would be dismissed if the cases were not ready to go to trial, particularly as of January 3, 1984. We

2. The record is not entirely clear concerning whether Mrs. Muka filed an appeal in both C.A. 75-3108 and C.A. 76-904. For purposes of this opinion, we shall assume that she filed an appeal in both cases.

3. An examination of the entire record in this case discloses that the trial justice, although subjected to almost unparalleled provocation and in many instances to clearly contumacious conduct on the part of Mrs. Muka, displayed judicial restraint of uncommon quantum and quality.

have stated on a number of occasions that a justice of the Superior Court may dismiss an action for lack of prosecution in accordance with Rule 41(b)(2). *See Hyszko v. Barbour,* — R.I. —, 448 A.2d 723 (1982); *Manton Industries, Inc. v. Providence Washington Indemnity Co.,* 113 R.I. 198, 319 A.2d 355 (1974). We also stated in *Hyszko* that the primary responsibility for moving a case on for trial rests with the plaintiff and his or her attorneys, not the defendant or the trial court. — R.I. —, 448 A.2d at 726. When counsel for plaintiff appeared on January 3 and stated that he did not have a physician available to testify regarding prognosis and that he could not go forward without such a physician, he left the trial justice little choice in light of a motion to dismiss for want of prosecution. At that point, C.A. 75–3108 had been pending in court since September 17, 1975, approximately 8½ years. To suggest that plaintiff should be given more time to secure an expert witness, by whom he had not yet even been examined, would be to set Rule 41(b)(2) completely at naught and deprive it of all effectiveness.

In respect to C.A. 76–904, other considerations supported the trial justice's decision even if he did not articulate them. At that juncture, nearly eight years after the filing of a complaint, there was no indication that the estate of Catherine Christy ever existed or that letters of administration had ever been filed in respect to such estate in the Probate Court of the City of Cranston. Indeed, there is no indication that such an entity exists even at the present time.[4]

It is unchallenged factually that no service of process ever took place in respect to Fireman's Fund until the day after the hearing in this court November 8, 1984. Such service was wholly ineffective at that time since the case had then been dismissed for more than ten months.

We have stated that a plaintiff has an obligation under Rule 4 of the Superior Court Rules of Civil Procedure to effectuate the service of process on defendants within a reasonable time after a complaint has been filed. We have further held that absent a showing by the plaintiff that such a delay is excusable, an action may be dismissed for failure to comply with this rule. *Simmons v. State,* — R.I. —, 462 A.2d 974 (1983); *Curtis v. Diversified Chemicals and Propellants Co.,* — R.I. —, 440 A.2d 747 (1982); *Caprio v. Fanning & Doorley Construction Co.,* 104 R.I. 197, 243 A.2d 738 (1968). It would be hard to envision a case in which a more flagrant disregard of these rules could be shown, utterly without excuse, than in the case at bar involving the "estate" of Catherine Christy and Fireman's Fund.

For the reasons stated, the plaintiff's appeal is denied and dismissed and the order of the Superior Court dismissing both cases is hereby affirmed. The papers in the case may be remanded to the Superior Court.

BEVILACQUA, C.J., did not participate.

---

4. Obviously, process could not have been served upon the estate of Catherine Christy unless and until an administrator of that estate had been appointed. As a creditor, plaintiff could have filed a petition for administration pursuant to the provisions of G.L. 1956 (1984 Reenactment) § 33–8–8 which allows a probate court to appoint an administrator on the petition of "some party in interest" should the surviving spouse or next of kin neglect to apply within thirty days of the intestate's death. This section has been interpreted to allow a petition to be filed by a creditor. *See Allsworth v. Scully,* 105 R.I. 183, 250 A.2d 369 (1969).